# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re MICHAEL S. GEISLER**, | )<br>) |
| **Debtor**, | )<br>)<br>)<br>) |
| **MICHAEL S. GEISLER,** | )<br>) |
| **Appellant,** | )<br>) |
| v. | ) Civil Action No. 15-154<br>)<br>) |
| **INTERNAL REVENUE SERVICE,** | )<br>) |
| **Appellee.** | ) |

## OPINION

Debtor Michael S. Geisler ("Geisler") appeals from the bankruptcy court's order dismissing his adversary proceeding complaint. In that adversary proceeding, Geisler sought an order from the bankruptcy court seeking in effect to void nearly $700,000.00 in federal tax liens held by the Internal Revenue Service ("IRS"). The bankruptcy court dismissed Geisler's adversary complaint, with prejudice, on the ground that Supreme Court precedent prevented Geisler, in a Chapter 7 bankruptcy case, from reducing the IRS's lien to the value of the collateral securing the debt, or, in other words, from stripping down the lien. Upon de novo review, this court agrees with the bankruptcy court's analysis and conclusion with respect to Geisler's failure to state a claim, and therefore, affirms that court's November 19, 2014 order.

I. **Background Facts**

Geisler filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 20, 2013. (ECF No. 1-3 at 2.)[1] In his completed Chapter 13 petition, Geisler scheduled a total of $13,800.00 in personal property and listed one secured claim, a tax lien held by the IRS in the amount of $13,800.00 and secured by "Furniture, Business Equipment, Accounts Receivable, Clothing." In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF No. 21 at 4-6, 8. Approximately a week after Geisler filed his completed petition, the IRS filed a proof of claim. In re Geisler, 13-20707 (Bankr. W.D. Pa.), Claim 2-1. The IRS listed the amount of its claim as $969,419.20, with $13,800.00 identified as secured, $424,310.15 identified as unsecured priority, and $531,309.05 identified as unsecured general. Id. Attached to the proof of claim was documentation that a federal tax lien was recorded in the Allegheny County, Pennsylvania prothonotary's office on January 2, 2002, in the amount of $76,126.79, and was subsequently refiled there on September 20, 2007, in the amount of $13,511.10. Id. No objection was filed to the IRS's proof of claim.

Geisler's bankruptcy case was converted to a Chapter 11 proceeding on May 13, 2013. (ECF No. 1-3 at 2.) Several months later the IRS amended its proof of claim, listing the total amount of its claim as $977,244.31. In re Geisler, 13-20707 (Bankr. W.D. Pa.), Claim 2-2. Although the amounts of the unsecured priority and unsecured general claims were changed, the amount of, and documentation supporting, the secured claim was not altered. Id. No objection was filed to the IRS's amended proof of claim. Before the IRS filed its amendment, but after the case was converted to a Chapter 11 proceeding, the Chapter 13 standing trustee filed a final

---

[1] Citations to the docket of the instant bankruptcy appeal will be made in parenthesis without further designation of the docket number. Citation to either Geisler's bankruptcy case, or adversary proceeding, will be preceded by a case name and number from the bankruptcy court.

report and account in which the IRS's claim was allowed in the amounts set forth in the IRS's original proof of claim. In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF No. 75.

On January 31, 2014, Geisler's bankruptcy case was converted to a Chapter 7 proceeding, in which the trustee filed a report of no distribution on March 10, 2014. (ECF No. 1-3 at 2); In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF Nos. 93-94 and 3/10/14 Text Docket Entry. After his bankruptcy case was converted to a Chapter 7 proceeding, Geisler filed the instant adversary proceeding in which he sought an order determining that the IRS's claim was secured in the amount of $13,800.00 and discharged or released in all other respects. In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF No. 113; Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098 (Bankr. W.D. Pa.). Geisler filed similar adversary proceedings against the Pennsylvania Department of Revenue and the Pennsylvania Department of Labor and Industry, but withdrew the adversary complaints in those actions. In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF Nos. 114-15; Geisler v. Penna. Dpt. of Revenue (In re Geisler), Ad. Pro. No. 14-2099 (Bankr. W.D. Pa.), ECF No 20; Geisler v. Penna. Dpt. of Labor and Industry (In re Geisler), Ad. Pro. No. 14-2100 (Bankr. W.D. Pa.), ECF No 16. In the instant adversary proceeding, the IRS filed a motion to dismiss the adversary complaint, which the bankruptcy court granted. Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098 (Bankr. W.D. Pa.), ECF Nos. 7, 25-26. Geisler filed a notice of appeal from the bankruptcy court's order dismissing his adversary complaint, with prejudice. Id., ECF No. 29. This court has jurisdiction to hear that appeal pursuant to 28 U.S.C. § 158.

## II. Standard of Review

The adversary proceeding filed by Geisler against the IRS sought a determination of the validity, extent, or priority of liens and, therefore, was a core proceeding. 28 U.S.C. § 157(b)(2)(K). In an appeal from a final order of the bankruptcy court in a core proceeding, the district court reviews the bankruptcy court's findings of fact for clear error. Fed.R.Bankr.P. 8013; In re Heritage Highgate, Inc., 679 F.3d 132, 139 (3d Cir. 2012). The bankruptcy court's conclusions of law are reviewed de novo. In re Makowka, 754 F.3d 143, 147 (3d Cir. 2014). This court's review of the bankruptcy court's decision with respect to Geisler's adversary proceeding raises legal questions which require de novo review.

## III. Geisler's Adversary Proceeding

Geisler initiated the instant adversary proceeding on May 9, 2014, at which time his bankruptcy case had been converted to a Chapter 7 proceeding, and the Chapter 7 trustee had already notified the bankruptcy court that no assets were available for distribution. Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098, ECF Nos. 1, 7 at 2. In the adversary complaint, Geisler avers that the IRS filed fifteen federal tax liens in the Court of Common Pleas of Allegheny County, Pennsylvania, between 2002 and 2012, totaling $694,139.71, but only identified, and attached documentation for, one tax lien, in the amount of $13,800.00, in the proofs of claim it filed in his bankruptcy case. Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098, ECF No. 1 ¶¶ 4-5. Geisler contends that by doing so the IRS voluntarily limited the value of its secured claims to $13,800.00 and asked the bankruptcy court to "enter an order determining [the IRS's] claim to be a secured claim in the amount of $13,800.00, and direct the [IRS] to satisfy or release all Federal Tax Liens except FTL-02-000004, and to amend that action to a face amount of $13,800.00." Id. at 3. In other words, Geisler asked the bankruptcy court to reduce nearly

4

$700,000.00 in federal tax liens, and nearly $1 million in outstanding tax debt, to less than $14,000.00.

The IRS moved to dismiss Geisler's adversary complaint due to a lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. According to the IRS, a determination about whether its tax claim was secured or unsecured would be an advisory opinion because Geisler's case was a no-asset, Chapter 7 proceeding. Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098, ECF No. 7 at 2. The IRS argued, in the alternative, that it would be impossible for Geisler to state a claim in his adversary complaint because the United States Supreme Court decided, in Dewsnup v. Timm, 502 U.S. 410, 419 (1992), that a Chapter 7 debtor may not "strip down" a lien to the value of the collateral securing it. Id. at 3.

In opposition to the IRS's motion, Geisler argued that Dewsnup was distinguishable because the IRS made a "judicial admission" about "the extent of its secured claim" by filing a proof of claim listing the value of its secured claim as only $13,800.00. (ECF No. 6 at 8); Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098 (Bankr. W.D. Pa.), ECF No. 24 at 2. According to Geisler, "statements [made] in proofs of claim….are judicial admissions" and "the IRS should not get to retain tax liens not reflected in their Proof of Claim." (ECF No. 6 at 8.) Geisler argues in his reply brief to this court that "[t]o the extent that [the IRS's] claims are not dischargeable, [the IRS] can issue new Federal Tax Liens on the portions of [its] claim not discharged after bankruptcy." (ECF No. 10 at 6.)

The bankruptcy court relied upon the Supreme Court's decision in Dewsnup in determining both that Geisler's adversary complaint: (1) did not give rise to a case or controversy because the claims allowance process is not triggered in a no-asset Chapter 7 case; and (2) failed to state a claim because a Chapter 7 debtor is prohibited from stripping down an allowed secured claim. (ECF No. 1-3 at 4-5.) The bankruptcy court explained:

> In *Dewsnup*, the Supreme Court considered whether under 11 U.S.C. §506(d) a debtor may "strip down" a creditor's lien to the value of the collateral when that value is less than the amount of the claim secured by the lien. 502 U.S. at 411-12. In deciding the issue, the Court addressed the interrelationship between §506(a) and (d). Section 506(a)(1) provides, in pertinent part:
>
>> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.
>
> Section §506(d) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" In *Dewsnup*, the Court held that §506(d) did not permit the "petitioner to 'strip down' respondents' lien" reasoning that "respondents' claim is secured by a lien and has been fully allowed pursuant to §502." 502 U.S. at 417. The Court was unwilling to "depart from the pre-Code rule that liens pass through bankruptcy unaffected." *Id.*
>
> ….
>
> Section 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." In a no-asset Chapter 7 case, however, there is no purpose in filing proofs of claims as there are no assets to administer. Accordingly, the claim allowance process is not triggered. Thus, the court agrees with the [IRS's] position that this matter does not give rise to a case or controversy. To the extent the Debtor argues to the contrary on the basis that the [IRS] has already admitted to the amount of its secured claim by filing its Proof of Claim, this matter is nonetheless fully resolved by *Dewsnup* and must be dismissed for failure to state a claim upon which relief can be granted…. [because] "[t]he ultimate effect of the holding in

6

> *Dewsnup* is that a Chapter 7 debtor is prevented from stripping down an
> allowed secured claim under §506(d)." *See IRS v. Johnson*, 415 B.R. 159,
> 166 (W.D. Pa. 2009).

(ECF No. 1-3 at 3-4.) The bankruptcy court, therefore, dismissed Geisler's adversary complaint, with prejudice. (Id. at 5.) Geisler appealed to this court.

This court affirms the bankruptcy court's decision to dismiss Geisler's adversary complaint. Geisler's adversary complaint fails to state a claim upon which relief can be granted because Dewsnup prevents a Chapter 7 debtor from stripping down a lien to the value of the collateral securing it, which is, in effect, the relief that Geisler seeks in the instant adversary proceeding.

## IV. Analysis

This court agrees with the bankruptcy court's conclusion that "this matter is [] fully resolved by Dewsnup … [because] [t]he ultimate effect of the holding in Dewsnup is that a Chapter 7 debtor is prevented from stripping down an allowed secured claim under §506(d)." (ECF No. 1-3 at 4.)

Section 506(d) of the Bankruptcy Code voids a lien to the extent that it secures a claim that "is not an allowed secured claim." 11 U.S.C. § 506(d) ( "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void"). In Dewsnup the Supreme Court defined the term "allowed secured claim" in § 506(d) as a claim that "has been allowed pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral." 11 U.S.C. § 506(d); Bank of Am., N.A. v. Caulkett, 135 S.Ct. 1995, 1998-99 (2015) (citing Dewsnup, 502 U.S. at 415). Under § 502(a)(1), a proof of claim is deemed allowed unless a party in interest objects.

Section 506(a)(1) provides that "[a]n allowed claim of a creditor secured by a lien on property [of the bankruptcy estate] … is a secured claim to the extent of the value of such creditor's interest … in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). In Dewsnup the Supreme Court held that an allowed secured claim for purposes of § 506(a)(1) does not have the same meaning as the phrase "allowed secured claim" in § 506(d). Dewnsup, 502 U.S. at 417. In reaching this holding, the Supreme Court rejected the argument that a debtor in a Chapter 7 case can void a lien on property pursuant to § 506(d) for that portion of the claim that is no longer secured by collateral, "and thus is not 'an allowed secured claim'" pursuant to § 506(a). Id. at 415. Geisler asks this court to apply § 506(a)(1)'s definition of "secured claim" to the term "allowed secured claim" in § 506(d) in a Chapter 7 case in order to bifurcate the IRS's lien into a secured and an unsecured portion under § 506(a)(1), and to void that portion which is deemed unsecured under § 506(d). The Supreme Court prohibited this tactic in Dewsnup.

In this case, the IRS's claim was deemed allowed under § 502(a)(1) because the trustee issued a report allowing the IRS's original claim and no objections were made to the IRS's proofs of claim. In re Geisler, 13-20707 (Bankr. W.D. Pa.), ECF No. 75. The IRS's claim for unpaid taxes is secured by a lien; a fact that Geisler acknowledges in his adversary proceeding complaint. Geisler v. IRS (In re Geisler), Ad. Pro. No. 14-2098 (Bankr. W.D. Pa.), ECF No. 1 ¶ 5. Under Dewsnup, the IRS, for purposes of § 506(d), has an allowed secured claim for the full amount of its claim, without regard to what portion of the claim is secured, priority, or unsecured. Under § 506(d)'s definition of "allowed secured claim," as articulated in Dewsnup and recently confirmed in Caulkett, the relief Geisler seeks to obtain in his adversary complaint is foreclosed, making dismissal of the adversary proceeding, with prejudice, proper.

8

Geisler's contention in his adversary complaint that because the IRS filed a proof of claim specifically identifying that its tax liens, totaling $694,139.71, were secured by personal property having a value of only $13,800.00 is inconsequential under Dewsnup. In Dewsnup, the Chapter 7 debtor filed an adversary proceeding seeking to reduce an outstanding $120,000.00 mortgage lien to the then-present value of the land securing it, which was $39,000.00. Dewsnup, 502 U.S. at 412-13. Relying upon § 506(a)(1)'s definition of "secured claim," the debtor in Dewsnup argued that the mortgagor's $120,000.00 lien was secured only to the extent of the judicially determined value of the real property on which the lien was fixed (i.e., $39,000.00), and was otherwise void under § 506(d). Id. at 414. The debtor argued that the "security-reducing provision of § 506(a) and the lien-voiding provision of § 506(d)" required the requested lien reduction. Id. at 413. To reiterate, § 506(a)(1) provides that an allowed claim of a creditor secured by a lien on property of the bankruptcy estate "is a secured claim to the extent of the value of such creditor's interest … in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). Section 506(d) states that "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d).

The Supreme Court refused, in Dewsnup, to read § 506(d) as enabling a Chapter 7 debtor to reduce a creditor's lien to the "value of such creditor's interest … in such property" based upon § 506(a)(1)'s definition of "secured claim." The court, instead, held that a claim that is secured by a lien and has been fully allowed pursuant to § 502 is an "allowed secured claim" under § 506(d) and cannot be "stripped down" to the value of the collateral securing the lien. Dewsnup, 502 U.S. at 417. In doing so, the Court found that "the words 'allowed secured claim'" did not have the same meaning in § 506(a) and § 506(d). Id. In other words, the definition of a

9

"secured claim" in § 506(a)(1) does not apply to the phrase "allowed secured claim" in § 506(d). Caulkett, 135 S.Ct. at 2000. The effect of the definitional differences means that whether a claim is segmented into secured, unsecured, or priority portions for purposes of § 506(a)(1), even if a proof of claim is filed to reflect those portions, is without consequence to the definition of § 506(d). Dewsnup, 502 U.S. at 418 (a creditor who participates in a bankruptcy case has "the benefit of an allowed unsecured claim as well as his allowed secured claim, but that does not strike us as proper recompense for what [the debtor] proposes by way of the elimination of the remainder of the lien;" in other words, in a Chapter 7 case, the lien cannot be stripped from the full amount of his claim under § 506(d)).

The holding in Dewsnup was recently reaffirmed when the Supreme Court held that a lien could not be stripped down in a Chapter 7 proceeding even if the collateral has no value to a junior lienholder. Caulkett, 135 S.Ct. at 2001. In Caulkett, Bank of America (the "Bank") held a junior mortgage lien on a home that was worth less than the amount that the debtor owed on the senior mortgage. Id. at 1998. The debtor argued that the Bank's mortgage lien was void under § 506(d) because the collateral had no value to the Bank, making it impossible under § 506(a)(1) for the Bank to hold a secured claim. Id. at 1998-99. The Court rejected the debtor's position, noting that "[u]nfortunately for the debtors, this Court has already adopted a construction of the term 'secured claim' in § 506(d) that forecloses this textual analysis." Id. at 1999. The Court noted that, in Dewsnup, the term "secured claim" in § 506(d) was construed to mean any claim "secured by a lien and … fully allowed pursuant to § 502," thus reducing § 506(d)'s function to "voiding a lien whenever a claim secured by the lien itself has not been allowed." Id.

The Supreme Court's ruling in Dewsnup relied upon the fundamental principle that liens pass through Chapter 7 bankruptcy proceedings unaffected. Dewsnup, 502 U.S. at 417-18. This general rule applies with equal force to federal tax liens. In re Mollo, 196 F.App'x 102, 103 n.2 (3d Cir. 2006) (recognizing, in a Chapter 7 case, that federal tax liens are typically unaffected by bankruptcy); compare IRS Dept. of Treasury of U.S. v. Johnson, 415 B.R. 159 (W.D. Pa. 2009) (allowing federal tax lien to be stripped from debtor's real property and limited to present value of personal property in a Chapter 11 case). Even if an underlying debt is discharged in the bankruptcy case, the debtor is only relieved of his personal liability for that debt; in rem actions against property subject to a lien are unaffected. Dewsnup, 502 U.S. at 418; Fuller v. IRS (In re Fuller), 204 B.R. 894, 900 (Bankr. W.D. Pa. 1997); Avola v. IRS (In re Avola), No. 95-25068, 1997 WL 792534, at *4 (Bankr. D.N.J. July 17, 1997); Wessel v. United States (In re Wessel), 161 B.R. 155, 160 (Bankr. D.S.C. 1993) (noting that same rule applies to liens on personalty).

In the instant case, Geisler asks that any and all tax liens held by the IRS be reduced to $13,800.00, the value of the personal property scheduled by Geisler in his bankruptcy petition, and that his tax debts over and above $13,800.00 be deemed not just unsecured, but satisfied or released. Under Dewsnup, as reaffirmed by Caulkett, it is impossible for Geisler to secure the relief he requests. To the extent that the IRS holds tax liens in excess of $13,800.00, those liens pass through Geisler's bankruptcy case unaffected. The liens cannot be voided by § 506(d) because the IRS's claim is allowed and secured by a lien. Dewsnup, 502 U.S. at 417. Any amendment to Geisler's adversary complaint would be futile, making dismissal with prejudice proper. Intellectual Ventures I LLC v. Toshiba Corp., No. 13-453, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015) (amendment is futile if complaint advances a claim or defense that is legally

insufficient on its face); Militello v. Allstate Prop. & Cas. Ins. Co., No. 14-CV-0240, 2015 WL 3752617, at *4 (M.D. Pa. June 16, 2015) (same).

## V. Conclusion

Upon de novo review of the bankruptcy court's decision, this court affirms the order dismissing Geisler's adversary complaint, with prejudice. Geisler's attempt to reduce the IRS's tax liens, and his tax debt, to the value of his personal property is not legally cognizable. Geisler's adversary complaint, therefore, fails to state a claim upon which relief can be granted. An amendment could not cure this defect, making dismissal with prejudice the appropriate remedy.

An appropriate order will be filed contemporaneously with this opinion.

Dated: September 23, 2015                    BY THE COURT:

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief U.S. District Judge